UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

BARBARA McCUE DAY,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, BARBARA McCUE DAY ("McCUE DAY"), by and through her undersigned counsel, hereby sues METROPOLITAN LIFE INSURANCE COMPANY ("METROPOLITAN"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. McCUE DAY brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. McCUE DAY was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. METROPOLITAN is a corporation with its principal place of business in the State of New York, authorized to transact and is transacting business in the Southern District of

Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, METROPOLITAN, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to McCUE DAY by METROPOLITAN.

6. McCUE DAY was at all times material an employee of US Oncology, Inc. ("US ONCOLOGY").

7. McCUE DAY was at all times material a plan participant under the US ONCOLOGY Welfare Benefit Plan, Group Policy No. 139108-1-G (the "LTD Plan") which is established by US ONCOLOGY and pursuant to which McCUE DAY is entitled to benefits.

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. METROPOLITAN is the insurer of benefits under the LTD Plan and was appointed by US ONCOLOGY, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, METROPOLITAN administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, METROPOLITAN is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, McCUE DAY is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required

under the terms of the LTD Plan.

12. According to the LTD Plan,

   **Disabled** or **Disability** means that, due to Sickness or as a direct result of accidental injury:

   • You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and

   • You are unable to earn:

   • For Short-Term Benefits,
   • more than 80% of Your Predisability Earnings at Your Own Occupation from any employer.

   • For Long-Term Benefits,
   • during the Elimination Period and the next 24 months of Sickness or accidental injury, more than 80% of Your Predisability Earnings at Your Own Occupation from any employer in Your Local Economy;
   and
   • after such period, more than 80% of your Predisability Earnings from any employer in Your Local Economy at any gainful occupation for which You are reasonably qualified taking into account Your training, education and experience.

   For purposes of determining whether a Disability is the direct result of an accidental injury, the Disability must have occurred within 90 days of the accidental injury and resulted from such injury independent of other causes.

13. Since approximately September 19, 2011, McCUE DAY has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, McCUE DAY made a claim to METROPOLITAN under the LTD Plan for disability benefits.

15. METROPOLITAN originally approved McCUE DAY's claim for LTD benefits and paid benefits through March 16, 2014.

16. By letter dated January 29, 2014, METROPOLITAN notified McCUE DAY of their decision to terminate her LTD benefits effective March 17, 2014.

17. McCUE DAY timely appealed METROPOLITAN'S January 29, 2014 adverse benefit determination.

18. By letter dated October 15, 2014, METROPOLITAN affirmed their decision to terminate McCUE DAY's LTD benefits.

19. At all relevant times, McCUE DAY complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

20. At all relevant times, as a result of sickness or accidental injury, McCUE DAY has been unable earn more than 80% of her predisability earnings at her own occupation from US ONCOLOGY or any employer in her local economy.

21. At all relevant times, as a result of sickness or accidental injury, McCUE DAY has been unable to earn more than 80% of her predisability earnings from any employer in her local economy at any gainful occupation for which she is reasonably qualified taking into account her training, education, and experience.

22. At all relevant times, McCUE DAY has been under the regular care of a doctor.

23. At all relevant times, McCUE DAY was a Covered Person under the LTD Plan.

24. From March 17, 2014, to the present date, McCUE DAY has not received benefits owed to her under the LTD Plan, despite McCUE DAY's right to these benefits.

25. At all relevant times, METROPOLITAN was the payer of benefits.

26. At all relevant times, METROPOLITAN was the "Insurance Company" identified throughout the LTD Plan.

27. At all relevant times, METROPOLITAN was the Plan Administrator and named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

28. At all relevant times, McCUE DAY has been and remains Disabled and entitled to LTD benefits from METROPOLITAN under the terms of the LTD Plan.

29. McCUE DAY has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

30. McCUE DAY incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

32. Pursuant to 29 U.S.C. §1132(a)(1)(B), McCUE DAY, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

33. McCUE DAY has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of METROPOLITAN'S failure to pay her disability benefits.

34. McCUE DAY has exhausted all administrative remedies under the LTD Plan.

35. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to McCUE DAY at a time when METROPOLITAN knew, or should have known, that McCUE DAY was entitled to those benefits under the terms of the LTD Plan, as McCUE DAY was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of McCUE DAY's claim for LTD benefits;

    (c) After McCUE DAY's claim was denied in whole or in part, METROPOLITAN failed to adequately describe to McCUE DAY any

        additional material or information necessary for McCUE DAY to perfect her claim, along with an explanation of why such material is or was necessary.

        (d)    METROPOLITAN failed to properly and adequately investigate the merits of McCUE DAY's disability claim and failed to provide a full and fair review of McCUE DAY's claim.

36. McCUE DAY believes and thereon alleges that METROPOLITAN wrongfully denied her claim for disability benefits under the LTD Plan by other acts or omissions of which McCUE DAY is presently unaware, but which may be discovered in this future litigation and which McCUE DAY will immediately make METROPOLITAN aware of once said acts or omissions are discovered by McCUE DAY.

37. Following the denial of benefits under the LTD Plan, McCUE DAY exhausted all administrative remedies required under ERISA, and McCUE DAY has performed all duties and obligations on her part to be performed under the LTD Plan.

38. As a proximate result of the aforementioned wrongful conduct of METROPOLITAN, McCUE DAY has damages for loss of disability benefits in a total sum to be shown at the time of trial.

39. As a further direct and proximate result of this improper determination regarding McCUE DAY's claim for benefits, McCUE DAY, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), McCUE DAY is entitled to have such fees and costs paid by METROPOLITAN.

40. The wrongful conduct of METROPOLITAN has created uncertainty where none should exist; therefore, McCUE DAY is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

### **REQUEST FOR RELIEF**

WHEREFORE, BARBARA McCUE DAY prays for relief against METROPLITAN LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: October 21, 2015

                ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

*S/ Rachel Alters*
_____
RACHEL ALTERS, ESQUIRE
Florida Bar No:106232
Email: Rachel@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com